May Term, 1853.

THE CENTRE-VILLE AND AB-INGTON TURN-PIKE COMPANY v. JARRETT.

---

THE CENTREVILLE AND ABINGTON TURNPIKE COMPANY *v.* JARRETT and Others.

Under the R. S. 1843, the widow of an intestate was a tenant in common with the heirs until objection was made.

The statute creating the *Centreville and Abington Turnpike Company*, provided that, for the purpose of determining the damages to be allowed for land taken for the use of the company, each party might select one disinterested freeholder of the county, and give notice to the other party

May Term,
1853.

THE CENTRE-
VILLE AND AB-
INGTON TURN-
PIKE COMPANY
v.
JARRETT.

to select another, to act as arbitrators. *Held*, that the claim filed need not show that the arbitrator selected by the claimant was a disinterested freeholder.

The statute mentioned authorized an appeal from the decision of the arbitrators selected by the parties to the Circuit Court, according to the same rules that prevail in cases taken from a justice's judgment. The company having appealed from the decision of the arbitrators to the Circuit Court, and reduced the amount awarded over 5 dollars, *held*, that the company were entitled to recover costs.

Monday,
June 6.

ERROR to the *Wayne* Circuit Court.

ROACHE, J.—This was a proceeding instituted by the defendants in error to recover damages for the injury occasioned them by the location and construction of the *Centreville* and *Abington* turnpike upon their land. In accordance with the provisions of the act incorporating the company, (see local laws of 1848, p. 196, s. 13,) the claim was first filed with and passed upon by three arbitrators, selected in the mode prescribed by the parties.

From their award an appeal was taken to the Circuit Court. In the Circuit Court there was a trial by jury, verdict and judgment for the defendants in error.

The plaintiffs below, in their application for damages, claimed title, the said *Nancy* as the widow, and the other applicants as the heirs at law of *William Jarrett*, deceased. It is further alleged, that the said *William Jarrett* was seized of the premises in fee, on the 5th day of *October*, 1848, the claim having been filed on the 23d day of *June*, 1849, and that at the date of the filing the claim, he was no longer living.

In the Circuit Court, the plaintiffs in error moved to dismiss the suit, because the widow of the decedent was improperly joined in the application. They contend that under the charter of the company, the damages authorized to be assessed are for permanent injuries to the freehold, and that the widow has no estate in the lands of her deceased husband until after her dower is assigned. After her dower is assigned, her interest is several, and she must sue alone.

The language of the charter, so far as it relates to this subject, is as follows: "For the purpose of determining,"

&c., "the damage sustained by any person on whose land said road may be located," &c.

Whatever the interest of the widow under the common law may have been, it is clear that under our statute of 1843, she is a tenant in common with the heirs in the land of her deceased husband. R. S. 1843, p. 809, s. 106, 107.—4 Kent, p. 62.

Tenants in common may join in personal actions for a trespass or nuisance to their land. 1 Chitty Pl. 65. In *Merrill* v. *Berkshire*, 11 Pick. 269, which was an application to have the damages assessed for the laying out of a road over the land of tenants in common, it was held that they must join, because though their estate be several, yet the damages survive to all. And in *Gilmore* v. *Wilbur*, 12 Pick. 120, *Wilde*, J., after discussing and recognizing the principle of the case of *Merrill* v. *Berkshire*, adds, " and this principle is equally applicable to an action for the tort, and to an action of assumpsit, when the tort is waived."

The petition in this case was filed less than one year after the death of the husband. Under the statute, the widow was a tenant in common with the heirs *until* objection was made by them. By joining the heirs in the application for damages, she was, in effect, claiming to hold the estate in the lands given her by the statute. If it had been made to appear, in a proper manner, at the trial, that the tenancy in common had been determined, as by the assignment of her dower, the question would then have arisen as to whether she had been properly joined. This is a statutory proceeding, intended to give owners of lands a convenient, speedy, and cheap mode of ascertaining the amount of damages occasioned by the construction of the road. It would be unreasonable to require the same strictness in setting out the facts constituting their cause of action, as is requisite in pleading in the established common-law forms of action. It seems more proper to assimilate the proceedings to those necessary in suits before justices of the peace, where mere technical forms are disregarded.

*May Term, 1853.*

THE CENTREVILLE AND ABINGTON TURNPIKE COMPANY
*v.*
JARRETT.

May Term,
1853.

THE CENTRE-
VILLE AND AB-
INGTON TURN-
PIKE COMPANY
v.
JARRETT.

We are, therefore, of opinion, that enough is alleged in the petition to show that the widow was correctly joined in the application for the assessment of damages.

The defendant below also moved to dismiss on the ground "that the arbitrator selected by said plaintiffs is not alleged in said claim to possess the qualifications required by the statute."

The statute provides that for the purpose of determining the damages, each party may select one disinterested freeholder of the county, and give notice to the other party to select another, to act as arbitrators. It is to be observed that the objection made is not that the arbitrator selected by the claimants was wanting in the qualifications he was required by the statute to possess, but only that the claim did not allege him to possess them. The statute only requires the claimant, upon filing his claim, to select an arbitrator possessing the qualifications indicated, and to give notice to the company, &c., to select another, but does not provide that the claim should show the fact of his qualifications.

The motion to dismiss was correctly overruled by the Court.

On the return of the verdict, the defendants below moved the Court to order the costs to be taxed against the plaintiffs, which motion was overruled. The provision of the act, s. 13, bearing on this subject, is as follows: " And the decision of such arbitrators in the premises shall be final and conclusive, unless appealed from to the Circuit Court, which appeal is hereby authorized according to the same rules that prevail in cases taken from a justice's judgment." One of the "rules." that prevail in appeals from a justice's judgment is, that if the defendant against whom judgment is rendered, appeal, and the amount recovered before the justice be reduced 5 dollars or more, costs shall be awarded him. Although the rule may be a hard and oppressive one, the language of the act is too clear to admit of any doubt but that by the general terms used, it embraces all the regulations applicable to cases appealed from magistrates. In this case the amount ad-

judged by the arbitrators was 100 dollars; the company, who were the defendants there, appealed to the Circuit Court; in that Court the amount was reduced to 60 dollars. The costs should, therefore, have been taxed to the plaintiffs below.

*Per Curiam.*—That part of the judgment taxing the costs against the defendants below, is reversed. The residue is affirmed.

*J. S. Newman*, for the plaintiffs.

*J. Perry*, for the defendants.

